IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Allstate Insurance Co.,                                    Case No. 3:04CV7762

        Plaintiff

      v.                                                              ORDER

Dennis Fields, et al.,

        Defendant

      This is a subrogation case in which the plaintiff insurance company seeks to recover monies it paid to its insured, John J. Rice, following a fire that destroyed a home being constructed for Mr. Rice by the defendants. Plaintiff claims that the defendants were responsible for the fire, and thus, for the loss it incurred in paying the homeowner.

      Pending is a motion for leave to intervene filed by the defendants' business liability insurer, American Family Insurance Company. The defendants oppose the motion.

      For the reasons that follow, the motion for leave to intervene shall be granted, subject to the understanding that the trial date and other deadlines shall remain unchanged as to all parties, including the intervenor.

      Defendants first contend that this court lacks jurisdiction over the underlying suit between Allstate and them. The parties have not briefed this issue, and no ruling is made herein with regard to that contention. Intervention shall be granted pending resolution of that dispute.

Defendants next contend that the intervenor is barred by a conflict of interest from participating in this suit. According to the defendants, American Family cannot both provide a defense pursuant to the defendants pursuant to a reservation of rights and concurrently challenge its obligation to provide coverage to the defendants.

The interests of the defendants and American Family are not totally in conflict: it is as much in American Family's interest as it is the defendants that the subrogation action fail. There is no reason to believe that the attorneys being provided to the defendants will moderate their advocacy in order to serve some conflicting interest of American Family.

To be sure, as stated in *Collins v. Grange Mut. Cas. Co.*, 124 Ohio App.3d 574, 577 (1997), "There is an obvious potential for a conflict of interest where an insurer assumes and controls a defense for its insured but also intends to challenge its coverage liability if the defense is unsuccessful." On the other hand, an insurer "may conduct an insured's defense in good faith without waiving its right to assert any policy defenses, 'provided that it gives the insured notice of any reservation of rights.'" *Id.* (citing *Motorists Mut. Ins. Co. v. Trainor*, 33 Ohio St.2d 41 (1973) (Syllabus ¶ 1)).

Here, that notice has been given. Absent some concrete basis for believing that the nascent conflict between American Family and the defendants will adversely affect the defendants, such conflict is not a basis for denying the request to intervene.[1]

---

[1] Defendants contend that American Family might have obtained privileged information from the attorneys it is paying to defend the defendants in the underlying action. American Family's brief disputes that contention, and there is no reason to doubt that representation. If, however, cause arises to believe that counsel for the defendants and/or American Family have acted improperly, that issue can be addressed then on the basis of an appropriate record.

There is, moreover, a positive virtue in allowing intervention: American Family can participate fully in the pretrial phase of the litigation, including settlement discussions. This court frequently is called on to postpone trial of an underlying tort action to enable resolution of a coverage dispute. The delay thereby incurred is avoided by allowing the insurance company to participate in the underlying action as an intervenor.

Most coverage actions, moreover, are decided on the basis of summary judgment. Motion practice in this case, including motions for summary judgment with regard to coverage issues, will conclude prior to the trial date. The outcome of that practice will give a measure of certainty to the parties. This, too, may facilitate settlement of the underlying dispute.

Defendants also argue that American Family's suit is barred by laches. I disagree; there was no untoward delay in either the assertion of rights or seeking to become a party in this case

Moreover, I perceive no prejudice to the defendants if American Family is allowed to intervene. In any event, the potential benefits, in terms of conservation of judicial resources and finality of result, outweigh any adverse consequences that might arise.

It is, therefore,

ORDERED THAT the motion for leave to intervene be, and the same hereby is granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge