IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Allstate Insurance Co.,                                    Case No. 3:04CV7762

        Plaintiff

  v.                                                                    ORDER

Dennis Fields, et al.,

        Defendants

This is a subrogation case brought by Allstate Insurance Co. (Allstate) as subrogee of John Rice against defendants Dennis Fields and Dennis Fields Construction (collectively Fields), following a fire that destroyed a home built for Rice by defendants. Plaintiff claims that defendants were responsible for the fire, and thus, for the loss it incurred in reimbursing Rice.

Pending is defendants' motion to dismiss for want of diversity jurisdiction. For the reasons that follow, defendants' motion to dismiss shall be denied.

**Background**

On January 18, 2003, a fire occurred at the Rice residence in Findlay, Ohio, causing substantial real and personal property damage. Pursuant to a policy issued by Allstate insuring Rice's residence,

Allstate paid Rice in excess of $545,000 to cover the loss. Under the policy Rice subrogated to Allstate all of his rights, claims, and interests against any parties for having caused the fire damages.

Fields acted as general contractor in the construction of the Rice residence, and oversaw all aspects of the construction, including the installation of electrical wiring. Two weeks prior to the fire, Fields conducted repairs at the residence on an electrical circuit located in the wall cavity separating the living room from the attached garage.

An investigation after the fire revealed that the fire had originated at or near this electrical circuit.

Allstate alleges that Fields had a legal duty to exercise ordinary care for the safety of Rice's real and personal property in the construction and repair of the residence and to do so in a non-negligent and workmanlike manner. Allstate claims that Fields breached these obligations. Allstate further alleges that Fields had a duty to ensure that the home was of habitable quality. Allstate claims that Fields breached this obligation by failing to repair the home in a reasonably safe manner.

## Discussion

Fields has moved to dismiss this subrogation action for lack of diversity jurisdiction on two grounds: 1) Allstate's extensive contacts with Ohio render it a citizen of the state; and 2) the subrogor Rice, an Ohio citizen, is the real party in interest.

### 1. Allstate's Citizenship

Fields seeks dismissal of this action on the premise that Allstate, like Fields, is a citizen of Ohio, and thus diversity jurisdiction does not exist.

Pursuant to 28 U.S.C. § 1332(c)(1), a corporation may be a citizen of up to two states: 1) its state of incorporation; and 2) the state of its principal place of business. *Safeco Ins. Co. v. City of*

2

*White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994). It is undisputed that Allstate is incorporated in the state of Delaware. Fields, however, contends that Allstate's principal place of business for jurisdictional purposes is Ohio, as well as any other state where it conducts significant business.

Fields argues that, given Allstate's extensive contacts, agents, and business in Ohio, allowing Allstate to invoke diversity jurisdiction against an Ohio adversary is contrary to the purpose for which federal jurisdiction exists. Allstate argues that on the basis of its incorporation in Delaware and headquarters in Illinois, it is a diverse party and is therefore properly empowered to bring this suit in federal court.

A corporation can have only one principal place of business for purposes of establishing its state of citizenship. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 161 (6th Cir. 1993). Under the "total activity test" adopted by the Sixth Circuit, a corporation's place of business will vary according to the facts of the particular case. *Id.* at 162-63. This test encompasses the "nerve center" and "place of activity" tests, which have been found to be "not mutually exclusive but rather complementary."[1] *Id.* at 162 (citing *J.A. Olson Co. v. City of Winona*, 818 F.2d 401 (5th Cir. 1987)).

While each situation is fact specific, certain guidelines have been established under the total activity test:

> [T]he principal place of business of a far-flung corporation will generally be its nerve center, the principal place of business of a corporation with significant administrative authority and activity in one state and lesser executive offices but principal operations in another state is generally the

---

[1] The "nerve center" test emphasizes the place where the corporation has an office from which business is directed and controlled, and where the decision-making authority for the corporation is headquartered. *Gafford*, 997 F.2d at 162. The "'place of activity' test emphasizes the location of production activities or service activities." *Id.* (citing *Kelly v. United States Steel Corp.*, 284 F.2d 850, 854 (3d Cir. 1960)).

district of the former, and the principal place of business of a corporation with its corporate headquarters in one state and its single activity in another will generally be in the state of its operations.

*Id.* at 162.

Allstate, with operations in forty-nine states and Canada, engages in activities and operations so dispersed that no one location can be considered principal. Where a company does not conduct the predominance of its business in any single state, it is considered a far-flung corporation. *State Auto Fin. Acquisition Corp. v. State Auto. Mut. Ins. Co.*, 289 F. Supp. 2d 906, 912 (S.D. Ohio 2003) (citing *J.A. Olson Co.*, 818 F.2d at 407); *see, e.g., Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1107-08 (S.D. Cal. 2003) (holding that a corporation operating stores in forty-nine states is far-flung); *McCabe v. Henpil, Inc.*, 889 F. Supp. 983, 990 (E.D. Tex. 1995) (finding a multi-state grocery store chain to be a far-flung corporation). Allstate, accordingly, is a far-flung corporation.

In the Sixth Circuit, "the principal place of business of a far-flung corporation will generally be its nerve center." *Gafford*, 997 F.2d at 162 (citing *Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862, 865 (S.D.N.Y. 1959)); *see also State Auto Fin. Acquisition Corp.*, 289 F. Supp. 2d at 913 ("The general rule that a corporation's principal place of business is the corporation's nerve center . . . applies to far-flung corporations.").

In this case, undisputed evidence has been presented indicating that Allstate's headquarters and management offices are located in Northbrook, Illinois. Fields, moreover, concedes that Allstate is headquartered in Illinois. On these facts, I find that Allstate's nerve center, and thus its principal place of business, is Illinois.

Fields, however, asks this court to consider additional factors before permitting Allstate to invoke federal jurisdiction in this case. Fields contends that Allstate, as a licensed insurer in the state of Ohio, has submitted to the jurisdiction of Ohio courts. Fields further argues that the interests of judicial economy weigh against granting Allstate federal jurisdiction, as it would unnecessarily burden the system by forcing federal courts to hear Allstate's cases in forty-eight states. Fields contends that the interests of judicial economy outweigh any prejudice faced by national companies such as Allstate by having to litigate in state court.

While Fields' argument is novel, I find it lacks merit. An insurance company's license to conduct business in a particular state does not render it a citizen of that state. *Thornton v. Allstate Insurance Co.*, 492 F. Supp. 645, 647-48 (conforming to the insurance regulations of a state does not equate to citizenship).

The total activity test employed in this circuit, moreover, anticipates the activities of such far-flung corporations as Allstate and expressly states that the nerve center test is appropriate. *See Gafford,* 997 F.2d at 162; *see also Parker v. S. Farm Bureau Cas. Ins. Co.*, 2002 WL 66164, at *2 (N.D. Tex. Jan 11, 2002) (unreported disposition) (finding that the center of decision-making authority is defendant insurance company's principal place of business).

Because diversity jurisdiction exists between Allstate and Fields, defendants' motion to dismiss based on Allstate's citizenship shall be denied.

## 2. Real Party in Interest

Fields also seeks dismissal of this action on the grounds that the insured homeowner Rice, an Ohio resident, is the real party in interest in this case and thus diversity jurisdiction does not exist.

5

A real party in interest is "one who is directly benefitted or injured by the outcome of the case." *Cmty. Ins. Co. v. Ohio Dept. of Transp.*, 750 N.E.2d 573, 577 (Ohio 2001) (citations omitted). Fields argues that Rice is the real party in interest, and that the subrogation of his claims to Allstate does not create diversity. Allstate contends that it, not Rice, is the real party in interest, and thus, diversity jurisdiction exists.

In this case it is undisputed that Allstate reimbursed Rice for his loss in the fire. Thus there is no case or controversy between Rice and Fields. Further, Rice is not a party to this action, indicating he has no interest in the outcome of the case. Conversely, it is axiomatic that Allstate, having reimbursed Rice $545,000 for the fire loss, stands to be benefitted or injured directly by the outcome of this suit.

Additionally, where a subrogee has paid an entire loss suffered by an insured, the subrogee is the only real party in interest. *Cleveland Paint & Color Co. v. Bauer Mfg. Co.*, 97 N.E.2d 545, 549 (Ohio 1951) (citing *United States v. Aetna Cas. & Sur Co.*, 338 U.S. 366, 380-81 (1949)). In this regard, the law of subrogation is clear: once a subrogee fully reimburses a subrogor and takes assignment of the claim, the subrogee is the only real party in interest remaining. *See id.* Thus, as the sole real party in interest, Allstate's ability to invoke diversity jurisdiction is independent of Rice's citizenship.

Because Rice is not a real party in interest in this case, defendants' motion to dismiss on these grounds shall be denied.

### Conclusion

In light of the foregoing, it is

ORDERED THAT defendants' motion to dismiss for lack of diversity jurisdiction be, and the

same hereby is, denied.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge