IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Allstate Insurance Co.,                                   Case No. 3:04CV7762

           Plaintiff

      v.                                                               ORDER

Dennis Fields, etc., *et al.*,

           Defendant

      * * * * *

American Family Ins. Co.,

           Intervenor

        This is a subrogation case brought by Allstate Insurance Company, which provided casualty insurance on a home in Findlay, Ohio. The home was destroyed in a fire. Allstate, which paid the fire loss, sued a contractor, Dennis Fields, claiming that one of his employees negligently performed electrical wiring work, and that the fire resulted from that negligence.

        Fields's insurer, American Family Insurance Company, has intervened. Though providing a defense, American Family claims that any loss for which Fields is liable is not covered under its policy.

Pending is Fields's motion for summary judgment. For the reasons that follow, the motion shall be granted. American Family's motion for partial summary judgment shall be overruled as moot.

## Discussion

Allstate has the burden of proving that Fields's negligence, or other failure of performance, proximately caused the fire. To meet this burden, it must produce expert testimony about the fire's cause, and that testimony must be expressed with a reasonable degree of professional certainty. *See generally State v. Benner*, 40 Ohio St.3d 301, 313 (1988) (expert opinion is competent only if held to a reasonable degree of scientific certainty).

Allstate has produced two experts. One expert expressed an opinion that the fire was caused by "arcing." But that expert does not know how the arcing occurred or who, if anyone was to blame for it. He acknowledges that the ignition factor for the fire remains undetermined.

Allstate's other expert likewise testified that he did not know when the arcing occurred or who, if anyone, was responsible for the arcing. He does not know the ignition source for the fire.

Neither expert attributed negligence in the wiring or inspection of the work. Neither could rule out an alternative suggestion: namely, a defect in a heating pad for the homeowner's pets. The heating pad, which was not found or kept after the fire, was located near the wall in which the fire appeared to have started.

Even if plaintiffs' experts had testified with the requisite degree of certainty that arcing caused the fire, there was no proof, or competent opinion, that the work done by Fields's employee was negligently performed and resulted in the arcing. Allstate's experts did not rule out the possibility of a defect in the wiring or its insulation.

There was, therefore, a complete lack of proof as to causation. *See generally State Farm Fire & Cas. Co. v. Chrysler Corp.*, 37 Ohio St.3d 1, 7 (1988) (plaintiff must prove causation; plaintiff cannot prevail where asserted cause and other possible causes were equally likely); *Hamilton Mut. Ins. Co. of Cincinnati v. Ford Motor Co.*, 122 Ohio App.3d 611, 616 (1997) (same); *Krach v. Kotoch Family Ltd. P'ship*, 1996 WL 200630, *5 (Ohio App.) (plaintiff failed to produce competent opinion testimony or documentary evidence as to cause and origin of fire); *see also Gist v. Gen. Motors Corp.*, 130 Fed.Appx. 9, *11; 2005 WL 843798, **1 (6th Cir. 2005) (unreported disposition) ("assuming arguendo that there remained a problem with the Fiero's design, the record before us is devoid of evidence that the fire that . . . was caused by the alleged defect.").[1]

### Conclusion

In light of the foregoing, it is

ORDERED THAT

1. Defendant's motion for summary judgment be, and the same hereby is granted;

2. Intervenor's motion for summary judgment is overruled as moot, without prejudice.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

---

[1] Plaintiff's brief in opposition to the defendant's motion for summary judgment requests an opportunity to depose the homeowners and defendant's expert (who, like plaintiff's own experts, was unable to determine either the cause of or fault for the fire). Plaintiff's request comes long after the discovery deadline had passed. Plaintiff has not suggested, much less shown cause for its failure to have taken the desired discovery in the year during which this case was pending before that deadline lapsed. Its request to take discovery is not well-taken.

3